1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON**

**RICHARD MADISON AND GUY
MADISON**,

    Plaintiffs,

v.

**BUREAU OF INDIAN AFFAIRS,
ALASKA REGIONAL OFFICE**,

    Defendant.

Civil Action No. _____

**COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.      In this action, brought pursuant to the Freedom of Information Act ("FOIA" or "the Act"), 5 U.S.C. § 552, Plaintiffs challenge the unlawful acts of the Bureau of Indian Affairs, Alaska Regional Office ("BIA") in relation to Plaintiffs' pending request for government records.

2.      At issue in this case is BIA's unreasonable delay in responding to Plaintiffs' October 20, 2020 FOIA request seeking information regarding Plaintiffs' familial records which are time-sensitive and of great significance to Plaintiffs.  Specifically, Plaintiffs seek records relating to their great-grandmother, Katie George Madison, and her sister, Fannie George, and

1

their respective descendants. Plaintiffs made this request to gain important information related to the tribal enrollment, identification, and lineage of their family members.  Plaintiffs are elderly and seek to obtain this information to share with their children and community.

3.      BIA has yet to make a final determination as to Plaintiffs' FOIA request.

4.      BIA's inaction in this matter violates FOIA in three ways. First, BIA failed to make a timely determination regarding Plaintiffs' FOIA request. Second, despite repeated requests made by Plaintiffs, BIA failed to provide Plaintiffs with an estimated date upon on which BIA would produce the documents requested. Third, BIA has failed to conduct a reasonable search or produce any of the records requested by Plaintiffs.

5.      These failures amount to illegal, constructive withholding of records responsive to Plaintiffs' FOIA request.

6.      Each of these failures violates FOIA or, in the alternative, the APA.

7.      Plaintiffs are working to understand their Native Alaskan lineage, the life of their ancestors, and the stories associated with their family members. Due to a long and painful history of the United States' control over the lives of Native Americans and Native Alaskans, including Plaintiffs and their ancestors, BIA is uniquely situated to have possession of Plaintiffs' family records. BIA's failure to provide Plaintiffs with their family records frustrates their goal of understanding their family's history.

8.      Plaintiffs seek a declaration from this Court that BIA has violated FOIA or, in the alternative, the APA. Plaintiffs also seek an injunction from this Court directing BIA to provide them with the requested records by a date certain.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

2

ZIONTZ CHESTNUT
2101 FOURTH AVENUE, SUITE 1230
SEATTLE, WASHINGTON 98121
TEL. (206) 448-1230; FAX (206) 448-1230

9.      Should Plaintiffs prevail in this case, they will seek an award of reasonable attorney's fees and litigation costs pursuant to FOIA, 5 U.S.C. § 552(A)(4)(E), or other applicable authorities.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA, the APA, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2204.

11.     Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides that an appropriate venue for a FOIA dispute is in the district in which the complainant resides. Plaintiffs, here, are both residents of the Western District of Washington.

12.     Declaratory relief is appropriate under 28 U.S.C. § 2201.

13.     Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

14.     Plaintiffs have standing.  As explained herein, BIA's violations of the FOIA and APA cause procedural and substantive harm to Plaintiffs by depriving them of statutory rights and access to familial records held by the BIA which are of great value to Plaintiffs.  An order from this Court directing production of documents and correcting BIA's legal violations would redress Plaintiffs' injuries.

## PARTIES

15.     Plaintiffs, Richard Madison and Guy Madison (collectively the "Madisons" or "Plaintiffs") are brothers who both reside in Western Washington. The Madisons are members of the Tulalip Indian Tribes and are both descendants of members of the Snohomish and Snoqualmie Tribes.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

3

ZIONTZ CHESTNUT
2101 FOURTH AVENUE, SUITE 1230
SEATTLE, WASHINGTON 98121
TEL. (206) 448-1230; FAX (206) 448-1230

16.     Guy Madison is currently undergoing treatment for cancer, an illness believed to be tied to his service in the Vietnam War, and thus, for the Madisons, the timeliness of these records is ever important.

17.     The Madisons have been working to understand the tribal enrollment, lineage, and lives of their ancestors, specifically their great-grandmother, Katie George Madison[1], and her sister, Fannie George.

18.     It is the Madisons' understanding that Katie and Fannie were Native Alaskans who lived the entirety of their lives in an Alaskan Native village. Katie's children were relocated to Western Washington in large part due to forced enrollment in Indian boarding schools. The Madisons were similarly forced to attend Indian boarding schools far away from their home much like their grandparent's experience. Therefore, understanding this traumatic history and the lives and tribal affiliation of their relatives is important to the Madisons for a multitude of personal reasons. The Madisons hope that documents related to their great-grandmother, and her sister, may illuminate information about other family members' lives. Most importantly, for cultural and spiritual reasons, the Madisons are working to understand the clan identity of their great-grandmother, and her sister, and what cultural motifs were associated with the clan.

19.     The Madisons, as the current eldest generation in their family, believe it is their responsibility to learn about their ancestors and pass this information down to the younger generations. For the Madisons, and their family, it is crucial that the Madisons promptly gain insight into their great-grandmother's, and her sister's, lives so the Madisons have the time to explore these records with other living family members.

---

[1] The Madisons do not know if Katie George Madison took the married name Madison. Therefore, for clarity and out of respect, she will be referred to as "Katie" throughout this filing.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

4

ZIONTZ CHESTNUT
2101 FOURTH AVENUE, SUITE 1230
SEATTLE, WASHINGTON 98121
TEL. (206) 448-1230; FAX (206) 448-1230

20. The Madisons are directly injured by BIA's failure to comply with the statutory requirements of FOIA and a favorable outcome in this litigation will redress such injuries.

21. Defendant, BIA is an agency of the United States Department of the Interior. It is the Madisons' well-founded belief that BIA is in possession, custody, or control of the records sought by the Madisons, and as such, they are subject to FOIA pursuant to 5 U.S.C. § 552(f).

**STATUTORY BACKGROUND**

22. FOIA "was enacted to facilitate public access to [g]overment documents by establish[ing] a judicially enforceable right to secure [government] information from possibly unwilling official hands." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).

23. FOIA establishes the public's right to access federal agency records and requires federal agencies to release records to the public unless one or more statutory exemptions apply. 5 U.S.C. § 552(b)(1)–(9). *Washington v. Pub. Buildings Reform Bd.*, No. 2:21-CV-00566-TL, 2022 WL 823548, at *2 (W.D. Wash. Mar. 18, 2022) ("FOIA establishes a 'judicially enforceable public right' of access to federal agency records") (citing *Elec. Frontier Found. v. Off. of the Dir. of Nat. Intel.*, 639 F.3d 876, 882 (9th Cir. 2010)) (internal quotations and citations omitted). FOIA establishes that an agency must make a "good faith effort to search for the records requested" and conduct said search in a manner "reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) (citations omitted).

24. Upon receipt of a FOIA request, the agency "shall determine within 20 days . . . whether to comply with such request and shall immediately notify the person making such request of such determination and reasons therefore." 5 U.S.C. § 552(a)(6)(A). "The agency's determination must include the scope of documents that the agency will produce, as well as the

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF
5
ZIONTZ CHESTNUT
2101 FOURTH AVENUE, SUITE 1230
SEATTLE, WASHINGTON 98121
TEL. (206) 448-1230; FAX (206) 448-1230

scope of the documents that the agency plans to withhold under any FOIA exemptions."
*Washington*, No. 2:21-CV-00566-TL, 2022 WL 823548, at *3 (quoting *Citizens for Resp. &
Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013)) (internal
quotations omitted).   In the alternative, the agency shall "notify the requestor of any unusual
circumstances requiring an extension in responding to the request." *Hajro v. U.S. Citizenship
and Immigration Services*, 811 F.3d 1086, 1092 (9th Cir. 2016) (citing 5 U.S.C. §§ 552(a)(6)(A);
552(a)(6)(B)) (internal quotations omitted).

25.     Where "unusual circumstances exist" the agency may request an extension of the
time limit "by no more than 10 business days" via a written request. 5 U.S.C. § 552(a)(6)(B)(i);
*Citizens for Resp. & Ethics in Washington*, 711 F.3d at 189 ("[A]n agency can extend that 20–
working–day timeline to 30 working days if unusual circumstances delay the agency's ability to
search for, collect, examine, and consult about the responsive documents."). The deadline for a
determination may be extended by "written notice to the person making such request setting
forth the unusual circumstances for such extension and the date on which a determination is
expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). The agency must demonstrate that it
conducted a good faith effort and exercised due diligence in processing the request on a first-in
first-out basis. *Kuffel v. U.S. Bureau of Prisons*, 882 F. Supp. 1116, 1127 (D.D.C. 1995) (citing
*Open Am. v. Watergate Special Prosecution Force*, 547 F.2d 605, 616 (D.C. Cir. 1976)).

26.     Under FOIA, "unusual circumstances may mean . . . the need to search for and
collect the request records from field facilities or other establishments that are separate from the
office processing the request." 5 U.S.C. § 552(a)(6)(B)(iii)(I).   Though the term "unusual
circumstances" may include the delays related to the COVID-19 pandemic, the term does not
include delays that result from the agency's predictable workload related to FOIA requests. *See,*

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

6

ZIONTZ CHESTNUT
2101 FOURTH AVENUE, SUITE 1230
SEATTLE, WASHINGTON 98121
TEL. (206) 448-1230; FAX (206) 448-1230

*e.g.*, *Moore v. U.S. Immigr. & Customs Enf't*, No. EP-19-CV-00279-DCG, 2020 WL 8125553, at *3 (W.D. Tex. Aug. 10, 2020) (finding the delays presented by the COVID-19 pandemic constitute "exceptional circumstances"); 5 U.S.C. § 552(a)(6)(C)(ii). Notably, unusual circumstances do not afford an agency the opportunity to indefinitely delay the production of a determination to a requestor. 5 U.S.C. § 552(a)(6)(C)(ii); *see also Lacy v. United States*, No. SA CV-22-1065-DOC, 2023 WL 4317659, at *15 (C.D. Cal. May 3, 2023) ("Courts in the Ninth Circuit have generally enforced FOIA's time limits when the violation is egregious . . . [and] months-long delays have been held to rise to the level of egregious violations.") (internal quotations omitted). Therefore, the "burden [is] on the agency, not the FOIA requester, to justify the delays in processing." *Lacy,* 2023 WL 4317659 at *15 (quoting 5 U.S.C. § 552(a)(4)(B)).

27.    A FOIA requester shall "have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit" and the requestor may "seek immediate judicial review of the agency's processing of the request." 5 U.S.C. § 552(a)(6)(C)(i); *Baker v. Consumer Fin. Prot. Bureau*, No. CV 18-2403(CKK), 2018 WL 5723146, at *3 (D.D.C. Nov. 1, 2018). If an "agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court." *Citizens for Resp. & Ethics in Washington*, 711 F.3d at 189–90. In fact, "[a]n agency's failure to comply with the FOIA's time limits is, by itself, a violation of FOIA." *Gilmore v. U.S. Dep't of Energy*, 33 F. Supp. 2d 1184, 1187 (N.D. Cal. 1998).

28.    "As the enforcement arm of the FOIA, the courts are charged with the responsibility of ensuring the fullest responsible disclosure." *Long v. U.S. I.R.S.*, 693 F.2d 907, 909 (9th Cir. 1982). Courts have found that entering declaratory judgment that the agency

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

7

ZIONTZ CHESTNUT
2101 FOURTH AVENUE, SUITE 1230
SEATTLE, WASHINGTON 98121
TEL. (206) 448-1230; FAX (206) 448-1230

violated the FOIA is appropriate when the agency has violated the time limits in responding to a particular set of requests, the agency's violations are consistent, and they may recur. *Nat'l Pub. Radio, Inc. v. U.S. Cent. Command*, 646 F. Supp. 3d 1245, 1257 (S.D. Cal. 2022) (*citing Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, 85 F. Supp. 3d 1074, 1089 (N.D. Cal. 2015)). The Court may also order production of the requested documents.  "In utilizing its equitable powers to enforce the provisions of the FOIA, the district court may consider injunctive relief where appropriate." *See also Long*, 693 F.2d at 909 ("In utilizing its equitable powers to enforce the provisions of the FOIA, the district court may consider injunctive relief where appropriate.").

## FACTUAL BACKGROUND

29.     On October 20, 2020, the Madisons' attorney, on their behalf, electronically submitted a FOIA request to BIA requesting all records from the agency related to the following:

(1) "Katie George, whose married name was Katie Madison; (2) Katie George's sister, Fannie; and (3) Katie and Fannie's relatives and descendants. Katie George was the great-grandmother [of the Madisons]."

*See* Exhibit 1 (December 3, 2020, Letter from Eugene R. Pelota, Jr., Regional Director of the Bureau of Indian Affairs, Alaska Region).

30.     In their initial request, the Madisons provided additional information to assist BIA in their search for the requested records. This additional information included: timeline details of Katie George Madison's life and her relatives' lives, a photograph of Katie and Fannie, a photograph of Katie's son, and a 1910 newspaper article about Katie written by her daughter.

ZIONTZ CHESTNUT
2101 FOURTH AVENUE, SUITE 1230
SEATTLE, WASHINGTON 98121
TEL. (206) 448-1230; FAX (206) 448-1230

31.     On December 3, 2020, the Madisons received a letter from Eugene R. Pelota, Jr., Regional Director of BIA. This letter informed the Madisons that BIA had received their request on October 30, 2020, and assigned the request the control number BIA-2021-00319. Director Pelota informed the Madisons they could "expect to hear from the [BIA] promptly regarding the outcome of this search." *See* Exhibit 1.

32.     On December 31, 2020, the Madisons received a letter from Director Pelota stating BIA was unable to respond to the Madisons' request "as the National Archives and Records Administration (NARA) and the American Indian Records Repository (AIRR) is closed due to the Covid-19 global health pandemic. As soon as AIRR opens again, this request will be processed." *See* Exhibit 2 (December 31, 2020, Letter from Eugene R. Pelota, Jr., Regional Director of the Bureau of Indian Affairs, Alaska Region). The letter did not request an extension, nor did it inform the Madisons of when they could expect a determination on their request.

33.     On September 15, 2022, the Safer Federal Workforce Task Force Model Agency COVID-19 Safety Principles established updated principles addressing vaccination, mask wearing, community health risk, and other measures addressing in-office work by Federal employees.[2]

34.     On September 18, 2022, in an interview with the news organization CNN, President Biden publicly declared the COVID-19 pandemic over.[3]

35.     On information and belief, by the end of 2022 many Federal employees had returned to the office at least part-time.

---

[2]*Safer Federal Workforce Task Force Model Agency COVID-19 Safety Principles* (September 15, 2022), https://www.saferfederalworkforce.gov/downloads/SFWTF_model%20agency%20safety%20principles_2022091 5.pdf.

[3] Kate Sullivan, et. al, *Biden: 'The Pandemic is Over,'* CNN (September 18, 2022), https://www.cnn.com/2022/09/18/politics/biden-pandemic-60-minutes/index.html.

ZIONTZ CHESTNUT
2101 FOURTH AVENUE, SUITE 1230
SEATTLE, WASHINGTON 98121
TEL. (206) 448-1230; FAX (206) 448-1230

36.     On February 10, 2023, the Madisons' attorney emailed Sarah J. Walker, the Supervisory Tribal Operations Specialist at BIA, to seek information on the Madisons' outstanding request. *See* Exhibit 3 (February 10, 2023, Email Correspondence from Wyatt Golding to Sarah J. Walker, Bureau of Indian Affairs, Supervisory Tribal Operations Specialist).

37.     On February 13, 2023, Sarah J. Walker responded, via email, stating "it is our understanding that Archives is working on requests in the order they are received—from the beginning of their closure. Once the file(s) are received, they will be routed to the requestor." *See* Exhibit 4 (February 13, 2023, Email Correspondence from Sarah J. Walker, Bureau of Indian Affairs, Supervisory Tribal Operations Specialist).

38.     On the same day as Ms. Walker's email, the Madisons' attorney responded thanking Ms. Walker for her response and requested to be updated on any timeline information. *See* Exhibit 5 (February 13, 2023, Email Correspondence between Sarah J. Walker and Wyatt Golding). Having received no response, on May 30, 2023, the Madisons' attorney responded to Sarah J. Walker via email requesting an update on the status of the request. *See* Exhibit 6 (May 30, 2023, Email Correspondence from Wyatt Golding to Sarah J. Walker).

39.     On April 12, 2023, the Madisons, through their attorney, requested that BIA provide a firm deadline of when the Madisons could expect a determination on their request. *See* Exhibit 7 (April 12, 2023, Letter from Wyatt Golding to Sarah Walker, Bureau of Indian Affairs, Supervisory Tribal Operations Specialist).

40.     On July 28, 2023, having received no further correspondence from BIA, the Madisons' attorney again sent a letter to BIA requesting an update and reiterating the request for a firm deadline as to the determination of the FOIA request. *See* Exhibit 8 (July 28, 2023, Letter

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

10

ZIONTZ CHESTNUT
2101 FOURTH AVENUE, SUITE 1230
SEATTLE, WASHINGTON 98121
TEL. (206) 448-1230; FAX (206) 448-1230

1    from Wyatt Golding to Sarah Walker, Bureau of Indian Affairs, Supervisory Tribal Operations

2    Specialist).

3        41.    On August 7, 2023, the Madisons' attorney emailed Melissa Thaisz, Attorney

4    Advisor for the Department of the Interior, Office of the Solicitor, requesting an update on the

5    Madisons' FOIA request, specifically a timeline for a response to their request, and attached the

6    July 28, 2023 letter.  *See* Exhibit 9 (August 7, 2023 Email from Wyatt Golding to Melissa

7    Thaisz). Neither the Madisons, nor their attorney, received a response.

8        42.    As of the date of this filing, which is approximately 1,140 days beyond the

9    permitted twenty-day deadline, the Madisons have yet to receive a determination from BIA on

10   whether their request will be completed.

11       43.    Unlike other plaintiffs similarly aggrieved by the delay in FOIA requests due to

12   the COVID-19 pandemic, the Madisons have not received a determination deadline or an update

13   that the BIA is working to locate the requested records. *See, e.g.*, *New York Times Co. v. Def.*

14   *Health Agency*, No. 21-CV-566 (BAH), 2021 WL 1614817, at *7 (D.D.C. Apr. 25, 2021) (where

15   the court found the agency had taken steps to rectify the pandemic-related delays by providing

16   an anticipated completion date and had explained the search for records had been initiated).

17       44.    While Plaintiffs acknowledge that the COVID-19 pandemic disrupted

18   government functions, more than a year has passed since Federal employees returned to in-office

19   work, and the overall more than three-year delay in responding to Plaintiffs' FOIA request is

20   manifestly unreasonable.

21       45.    The Madisons continue to be harmed by having to wait over three years for their

22   FOIA request to be processed.

23                              **CLAIMS FOR RELIEF**

11

**Claim I: Violation of the Freedom of Information Act: Determination Deadline Violations**

46.     The Madisons hereby incorporate by reference the allegations in the preceding paragraphs.

47.     FOIA requires agencies to provide a determination on whether they will comply with a request for documentation within twenty days, or thirty days if unusual circumstances exist. 5 U.S.C. §§ 552(a)(6)(A)(i); 552(a)(6)(B)(i). This determination must be made in writing and contain a date upon which production of the documents is expected to be made. 5 U.S.C. § 552(a)(6)(B)(i).

48.     Approximately twenty-nine working days after their request was submitted, the Madisons were first informed by BIA that their request had been received and a response would be forthcoming. This letter was not a determination on the Madisons' request. Twenty days later, the Madisons were informed their request would not be processed due to the COVID -19 pandemic. BIA did not provide a date upon which a determination would be made, nor did BIA inform the Madisons of a deadline to expect the production of the documents requested.

49.     Unless enjoined and made subject to a declaration of the Madisons' legal rights by this Court, BIA will continue to violate the Madisons' rights, under FOIA, to receive a determination on their public records request.

50.     The Plaintiffs are entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**Claim II: Violation of the Freedom of Information Act; Failure to Provide an Estimated Date on Which Defendant Will Complete Action on Plaintiffs' FOIA request.**

51.     Plaintiffs hereby incorporate by reference all the allegations in preceding paragraphs.

52.     The Madisons have a statutory right to have BIA process and respond to its FOIA requests in a timely manner as set forth under FOIA. BIA continues to violate the Madisons' rights under FOIA so long as BIA refuses to make a determination on the Madisons' request and propose a deadline upon which the requested documents will be released. 5 U.S.C. § 552(a)(6)(A)(i).

53.     Over the past three years, the Madisons, through their legal counsel, have repeatedly asked BIA for the date upon which BIA would complete action on their FOIA request.

54.     BIA failed to provide an estimated date by which it would complete action on the Madisons' FOIA request.

55.     BIA has violated, and continues to violate, FOIA by failing to provide an estimated date of completion of the Madisons' FOIA request.

56.     The Madisons' rights will continue to be adversely affected if BIA is allowed to continue to circumvent the statutory deadlines provided for in FOIA.

57.     Unless enjoined and made subject to a declaration of the Madisons' legal rights by this Court, BIA will continue to violate the Madisons' right to have their information requests processed as required by FOIA.

58.     The Madisons are entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**Claim III: Violation of Freedom of Information Act; Unlawful, Constructive Denial of FOIA Request and Withholding of Information**

59.     The Madisons hereby incorporate by reference all the allegations in the preceding paragraphs.

60.     The Madisons have a statutory right to the records they seek and there is no legal basis for BIA to assert that any of FOIA's nine disclosure exemptions apply to the requested records. *See* 5 U.S.C. § 552(b)(l)-(9).

61.     BIA violated the Madisons' rights under FOIA by failing to comply with the statutory mandated decision deadlines and by failing to make a determination on the Madisons' request.

62.     The Madisons' initial FOIA request was made over three years ago and they have yet to receive a determination, nonetheless an actual production of documents.

63.      By failing to properly respond to the Madisons' request, BIA is unlawfully withholding public disclosure of records for which no valid disclosure exemption applies.

64.     Unless enjoined and made subject to a declaration of the Madisons' legal rights by this Court, BIA will continue to violate the rights of the Madisons by withholding documents.

65.     The Madisons are entitled to reasonable costs of litigation, including attorneys' fees and costs pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**PRAYER FOR RELIEF**

WHEREFORE, the Madisons respectfully request that this Court:

1.     Adjudge and declare that BIA has violated FOIA for the reasons set forth above;

2.     Order BIA to comply immediately with FOIA by providing the Madisons all non-exempt public records subject to the Madisons' FOIA request and a Vaughn Index as appropriate;

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF                                    14

ZIONTZ CHESTNUT
2101 FOURTH AVENUE, SUITE 1230
SEATTLE, WASHINGTON 98121
TEL. (206) 448-1230; FAX (206) 448-1230

1         3.      Award the Madisons reasonable attorneys' fees and litigation costs pursuant to 5

2    U.S.C. § 552(a)(4)(E); and

3         4.      Grant such further and additional relief as this Court may deem just and proper.

4

5    DATED: January 4, 2024.

6                                      Respectfully Submitted,

7

8                                        _____

9                                        Wyatt Golding, WSBA #44412

                                    Ziontz Chestnut

10                                       2101 4th Avenue #1230

                                    Seattle, WA 98136

11                                       Tel: (206) 448 1230

                                    wgolding@ziontzchestnut.com

12                                       *Attorney for Plaintiffs*

13

14

15

16

17

18

19

20

21

22

23

COMPLAINT FOR DECLARATORY AND          15                    **ZIONTZ CHESTNUT**
INJUNCTIVE RELIEF                                          2101 FOURTH AVENUE, SUITE 1230
                                                        SEATTLE, WASHINGTON 98121
                                       TEL. (206) 448-1230; FAX (206) 448-1230