District Judge Richard A. Jones

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| RICHARD MADISON AND GUY MADISON,<br><br>Plaintiffs,<br><br>v.<br><br>BUREAU OF INDIAN AFFAIRS, ALASKA REGIONAL OFFICE<br><br>Defendant. | Case No. 2:24-cv-00021-RAJ<br><br>ANSWER TO COMPLAINT |

Defendant, Bureau of Indian Affairs, Alaska Regional Office (BIA), by and through their undersigned counsel, hereby answers the Complaint, Dkt. 1, filed by Plaintiffs Richard Madison and Guy Madison (collectively "Plaintiffs") in this action brought under the Freedom of Information Act (FOIA) 55 U.S.C § 552.

In response to the numbered paragraphs, BIA admits, denies, or otherwise answers as follows:

//

//

ANSWER TO COMPLAINT
2:24-cv-00024-RAJ
PAGE– 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# INTRODUCTION[1]

1. The allegations in Paragraph 1 consists of Plaintiffs' characterization of this action, to which no response is required. To the extent a response is deemed necessary, BIA admits only that this action is brought pursuant to FOIA and that Plaintiffs requested records from BIA.

2. Most the allegations in Paragraph 2 consist of Plaintiffs' characterization of this action, to which no response is required. To the extent a response is deemed necessary, BIA admits only that this action is brought pursuant to FOIA and that Plaintiffs requested records from BIA. BIA further responds that it is without sufficient information to admit or deny the allegations in Paragraph 2 pertaining to Plaintiffs' alleged interest in records or information and therefore denies those allegations at this time.

3. To the extent that the allegations in Paragraph 3 purport to assert a legal conclusion, no response is necessary. In response to any factual allegations, BIA responds that it is in the process of completing its response to Plaintiffs' FOIA request and based upon the number of potentially responsive records that BIA is reviewing, BIA reasonably estimates that it will complete its response within approximately 90 days.[2]

4. To the extent that the allegations in Paragraph 4 purport to assert a legal conclusion, no response is necessary. In response to any factual allegations, BIA responds that it is in the process of completing its response to Plaintiffs' FOIA request.

5. To the extent that the allegations in Paragraph 5 purport to assert a legal conclusion, no response is necessary. In response to any factual allegations, BIA responds that it is in the process of completing its response to Plaintiffs' FOIA request.

---

[1] For ease of reference, BIA's Answer generally replicates the headings contained in the Complaint, Dkt. 1, but use of these headings does not constitute an admission or acknowledgment by BIA of their relevance or accuracy.

[2] If additional potentially responsive records are located, that could change the reasonable estimate, and BIA would notify Plaintiffs.

ANSWER TO COMPLAINT
2:24-cv-00024-RAJ
PAGE– 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6. To the extent that the allegations in Paragraph 6 purport to assert a legal conclusion, no response is necessary. In response to any factual allegations, BIA responds that it is in the process of completing its response to Plaintiffs' FOIA request.

7. The allegations in Paragraph 7 consist of a description of Plaintiffs' alleged interest in information or records. BIA is without sufficient information to admit or deny the allegations in Paragraph 7 pertaining to Plaintiffs' alleged interest in records or information and therefore denies those allegations at this time.

8. The allegations in Paragraph 8 consist of a description of Plaintiffs' request for relief to which no response is required. To the extent that a response is deemed necessary, BIA responds that Plaintiffs are not entitled to the requested relief.

9. The allegations in Paragraph 9 consist of a description of Plaintiffs' request for relief to which no response is required. To the extent that a response is deemed necessary, BIA responds that Plaintiffs are not entitled to the requested relief.

**JURISDICTION AND VENUE**

10. The allegations in Paragraph 10 consist of legal conclusions to which no response is required. To the extent a response is deemed necessary, BIA states that the cited authority speaks for itself and it is Plaintiffs' burden to establish jurisdiction.

11. The allegations in Paragraph 11 consist of legal conclusions to which no response is required. To the extent a response is deemed necessary, BIA states that the cited authority speaks for itself.  BIA further answers that it is without sufficient information to admit or deny Plaintiffs' allegations concerning their residency and therefore denies these allegations at this time.

12. The allegations in Paragraph 12 consist of a legal conclusion and/or characterization of a request for relief to which no response is required. To the extent a response

ANSWER TO COMPLAINT
2:24-cv-00024-RAJ
PAGE– 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

is deemed necessary, BIA states that the cited authority speaks for itself and that Plaintiffs are not entitled to the requested relief.

13. The allegations in Paragraph 13 consist of legal conclusions and/or characterization of a request for relief to which no response is required. To the extent a response is deemed necessary, BIA states that the cited authority speaks for itself and that Plaintiffs are not entitled to the requested relief.

14. Most the allegations in Paragraph 14 consist of legal conclusions to which no response is required. To the extent a response is deemed necessary, BIA states that the cited authority speaks for itself. To the extent that allegations in Paragraph 14 consist of factual allegations concerning Plaintiffs' alleged interest in information or records, BIA is without sufficient information to admit or deny the allegations in Paragraph 14 pertaining to Plaintiffs' alleged interest in records or information and therefore denies those allegations at this time.

**PARTIES**

15. BIA currently is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 and therefore denies them at this time.

16. BIA currently is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 and therefore denies them at this time.

17. BIA currently is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and therefore denies them at this time.

18. BIA currently is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and therefore denies them at this time.

19. BIA currently is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and therefore denies them at this time.

ANSWER TO COMPLAINT
2:24-cv-00024-RAJ
PAGE– 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

20. The allegations in Paragraph 20 consist of legal conclusions and/or characterization of a request for relief to which no response is required. To the extent a response is deemed necessary, BIA admits only that this action is brought pursuant to FOIA and denies that Plaintiffs are entitled to the requested relief.

21. BIA admits that it is an agency of the United States. The remaining allegations in Paragraph 21 allege what Plaintiffs purport to believe, and BIA is without sufficient information to know the truth of what Plaintiffs believe and therefore denies those allegations at this time.

## STATUTORY BACKGROUND

22. The allegations in Paragraph 22 consist of Plaintiffs' characterization of FOIA and/or cases interpreting FOIA to which no response is required. To the extent that a response is deemed necessary, BIA states that FOIA and any cited authority speaks for itself, and BIA denies any characterization inconsistent with the cited authority and the relevant law in this jurisdiction.

23. The allegations in Paragraph 23 consist of Plaintiffs' characterization of FOIA and/or cases interpreting FOIA to which no response is required. To the extent that a response is deemed necessary, BIA states that FOIA and any cited authority speaks for itself, and BIA denies any characterization inconsistent with the cited authority and the relevant law in this jurisdiction.

24. The allegations in Paragraph 24 consist of Plaintiffs' characterization of FOIA and/or cases interpreting FOIA to which no response is required. To the extent that a response is deemed necessary, BIA states that FOIA and any cited authority speaks for itself, and BIA denies any characterization inconsistent with the cited authority and the relevant law in this jurisdiction.

25. The allegations in Paragraph 25 consist of Plaintiffs' characterization of FOIA and/or cases interpreting FOIA to which no response is required. To the extent that a response is deemed necessary, BIA states that FOIA and any cited authority speaks for itself, and BIA

ANSWER TO COMPLAINT
2:24-cv-00024-RAJ
PAGE– 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

denies any characterization inconsistent with the cited authority and the relevant law in this jurisdiction.

26.     The allegations in Paragraph 26 consist of Plaintiffs' characterization of FOIA and/or cases interpreting FOIA to which no response is required. To the extent that a response is deemed necessary, BIA states that FOIA and any cited authority speaks for itself, and BIA denies any characterization inconsistent with the cited authority and the relevant law in this jurisdiction.

27.     The allegations in Paragraph 27 consist of Plaintiffs' characterization of FOIA and/or cases interpreting FOIA to which no response is required. To the extent that a response is deemed necessary, BIA states that FOIA and any cited authority speaks for itself, and BIA denies any characterization inconsistent with the cited authority and the relevant law in this jurisdiction.

28.     The allegations in Paragraph 28 consist of Plaintiffs' characterization of FOIA and/or cases interpreting FOIA to which no response is required. To the extent that a response is deemed necessary, BIA states that FOIA and any cited authority speaks for itself, and BIA denies any characterization inconsistent with the cited authority and the relevant law in this jurisdiction.

## FACTUAL BACKGROUND

29.     The allegations in Paragraph 29 consist of Plaintiffs' characterization of a FOIA request. This written request speaks for itself and is the best evidence of its contents. BIA admits that it received a FOIA request asking for records concerning, inter alia, Katie George in or around October 2020 and BIA denies the allegations and characterizations of the FOIA request to the extent they are inconsistent with the referenced request.

ANSWER TO COMPLAINT
2:24-cv-00024-RAJ
PAGE– 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

30. The allegations in Paragraph 30 consist of Plaintiffs' characterization of a FOIA request. This written request speaks for itself and is the best evidence of its contents. BIA denies the allegations to the extent they are inconsistent with the referenced FOIA request.

31. BIA admits that it assigned the FOIA request referenced in Paragraph 31 with control number BIA-2021-000319 and that Exhibit 1 to the Complaint appears to be a copy of a letter sent by BIA. The remaining allegations in Paragraph 31 purport to characterize a written communication from BIA. This letter speaks for itself and is the best evidence of its contents. BIA denies the allegations to the extent they are inconsistent with the referenced letter.

32. The allegations in Paragraph 32 purport to characterize a written communication from BIA. BIA admits that Exhibit 2 to the Complaint appears to be a copy of a letter sent by BIA. This letter speaks for itself and is the best evidence of its contents. BIA denies the allegations to the extent they are inconsistent with the referenced letter.

33. The allegations in Paragraph 33 consist of Plaintiffs' characterizations of the *Safer Federal Workforce Task Force Model Agency Safety Principles*, which does not set forth a claim for relief nor aver facts in support of claim for relief under FOIA to which a response is required. To the extent that a response is deemed necessary, BIA responds that the cited document speaks for itself, is the best evidence of its contents, and denies any characterization inconsistent with the referenced document.

34. The allegations in Paragraph 34 consist of Plaintiffs' characterization of an article and/or interview concerning President Biden's statements concerning the COVID-19 pandemic. These allegations do not set forth a claim for relief nor aver facts in support of a claim under FOIA to which a response is required. To the extent that a response is deemed necessary, BIA respectfully refers this Court to the cited materials as the best evidence of their contents, and BIA denies any allegation of characterization inconsistent with the referenced materials.

ANSWER TO COMPLAINT
2:24-cv-00024-RAJ
PAGE– 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

35. The allegations in Paragraph 35 do not set forth a claim for relief nor aver facts in support of a claim under FOIA to which a response is required. To the extent that a response is deemed necessary, BIA responds that by the end of 2022 some federal employees who had previously teleworked were working in the office, at least part-time, though BIA does not know what Plaintiffs mean by "many."

36. The allegations in Paragraph 36 consist of Plaintiffs' characterization of an email. BIA admits that Exhibit 3 to the Complaint appears to be a copy of an email sent to BIA. This document speaks for itself and is the best evidence of its contents. BIA denies the allegations and any characterization to the extent they are inconsistent with referenced email.

37. The allegations in Paragraph 37 consist of Plaintiffs' characterization of an email. BIA admits that Exhibit 4 to the Complaint appears to be a copy of an email sent by BIA. This document speaks for itself and is the best evidence of its contents. BIA denies the allegations and any characterization to the extent they are inconsistent with referenced email.

38. The allegations in Paragraph 38 consist of Plaintiffs' characterization of emails exchanged with BIA. BIA admits that Exhibits 5 and 6 to the Complaint appear to be a copies of email correspondence with BIA. These documents speak for themselves and are the best evidence of their contents. BIA denies the allegations and any characterization to the extent they are inconsistent with referenced emails.

39. The allegations in Paragraph 39 consist of Plaintiffs' characterization of letter. BIA admits that Exhibit 7 to the Complaint appears to be a copy of a letter sent to BIA. This document speaks for itself and is the best evidence of its contents. BIA denies the allegations and any characterization to the extent they are inconsistent with referenced letter.

40. The allegations in Paragraph 40 consist of Plaintiffs' characterization of letter. BIA admits that Exhibit 8 to the Complaint appears to be a copy of a letter sent to BIA. This document

ANSWER TO COMPLAINT
2:24-cv-00024-RAJ
PAGE– 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

speaks for itself and is the best evidence of its contents. BIA denies the allegations and any characterization to the extent they are inconsistent with referenced letter.

41. The allegations in Paragraph 41 consist of Plaintiffs' characterization of an email. BIA admits that Exhibit 9 to the Complaint appears to be a copy of an email sent to BIA. This document speaks for itself and is the best evidence of its contents. BIA denies the allegations and any characterization to the extent they are inconsistent with referenced email.

42. To the extent that the allegations in Paragraph 42 purport to assert a legal conclusion, no response is necessary. In response to any factual allegations, BIA responds that it is in the process of completing its response to Plaintiffs' FOIA request and based upon the number of potentially responsive records that BIA is reviewing, BIA reasonably estimates that it will complete its response within approximately 90 days as indicated.

43. To the extent that the allegations in Paragraph 43 purport to assert a legal conclusion, no response is necessary. In response to any factual allegations, BIA responds that it is in the process of completing its response to Plaintiffs' FOIA request.

44. To the extent that the allegations in Paragraph 44 purport to assert a legal conclusion, no response is necessary. In response to any factual allegations, BIA responds that it is in the process of completing its response to Plaintiffs' FOIA request.

45. To the extent that the allegations in Paragraph 45 purport to assert a legal conclusion, no response is necessary. In response to any factual allegations, BIA responds that it is in the process of completing its response to Plaintiffs' FOIA request.

## CLAIMS FOR RELIEF

### Claim I: Violation of the Freedom of Information Act: Determination Deadline Violations

46. Paragraph 46 purports to reallege and incorporate all preceding paragraphs and therefore no response is required. To the extent that a response is required, BIA reasserts its

ANSWER TO COMPLAINT
2:24-cv-00024-RAJ
PAGE– 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

response to all preceding paragraphs.

47. The allegations in Paragraph 47 consist of legal conclusions to which no response is required. To the extent a response is deemed necessary, BIA states that the cited authority speaks for itself, and BIA denies any characterization inconsistent with the cited authority and the relevant law in this jurisdiction.

48. To the extent that the allegations in Paragraph 48 purport to assert a legal conclusion, no response is necessary. In response to any factual allegations, BIA responds that it is in the process of completing its response to Plaintiffs' FOIA request.

49. The allegations in Paragraph 49 consist of legal conclusions to which no response is required. To the extent that any response is deemed necessary, BIA responds that the FOIA statute speaks for itself and denies any characterization inconsistent with the statute and relevant law in this jurisdiction. BIA further denies that Plaintiffs are entitled to the requested relief.

50. The allegations in Paragraph 50 consist of a description of Plaintiffs' request for relief and/or a legal conclusion to which no response is required. To the extent that a response is deemed necessary, BIA responds that Plaintiffs are not entitled to the requested relief.

**Claim II: Violation of the Freedom of Information Act; Failure to Provide an Estimated Date on Which Defendant Wil Compete Action on Plaintiffs' FOIA request.**

51. Paragraph 51 purports to reallege and incorporate all preceding paragraphs and therefore no response is required. To the extent that a response is required, BIA reasserts its response to all preceding paragraphs.

52. The allegations in Paragraph 52 consist of legal conclusions to which no response is required. To the extent that any response is deemed necessary, BIA responds that the FOIA statute speaks for itself and denies any characterization inconsistent with the statute and relevant law in this jurisdiction.

ANSWER TO COMPLAINT
2:24-cv-00024-RAJ
PAGE– 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

53. Admitted.

54. To the extent that the allegations in Paragraph 54 purport to assert a legal conclusion, no response is necessary. In response to any factual allegations, BIA responds that it is in the process of completing its response to Plaintiffs' FOIA request.

55. The allegations in Paragraph 55 consist of legal conclusions to which no response is required. To the extent that any response is deemed necessary, BIA responds that the FOIA statute speaks for itself and denies any characterization inconsistent with the statute and relevant law in this jurisdiction.

56. The allegations in Paragraph 56 consist of legal conclusions to which no response is required. To the extent that any response is deemed necessary, BIA responds that the FOIA statute speaks for itself and denies any characterization inconsistent with the statute and relevant law in this jurisdiction.

57. The allegations in Paragraph 57 consist of legal conclusions and/or characterization of a request for relief to which no response is required. To the extent a response is deemed necessary, BIA admits only that this action is brought pursuant to FOIA and denies that Plaintiffs are entitled to the requested relief.

58. The allegations in Paragraph 58 consist of legal conclusions and/or characterization of a request for relief to which no response is required. To the extent a response is deemed necessary, BIA admits only that this action is brought pursuant to FOIA and denies that Plaintiffs are entitled to the requested relief.

**Claim III: Violation of Freedom of Information Act; Unlawful, Constructive Denial of FOIA Request and Withholding of Information**

59. Paragraph 59 purports to reallege and incorporate all preceding paragraphs and therefore no response is required. To the extent that a response is required, BIA reasserts its

ANSWER TO COMPLAINT
2:24-cv-00024-RAJ
PAGE– 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   response to all preceding paragraphs.

2       60.    The allegations in Paragraph 60 consist of legal conclusions to which no response
3   is required. To the extent that any response is deemed necessary, BIA responds that the FOIA
4   statute speaks for itself and denies any characterization inconsistent with the statute and relevant
5   law in this jurisdiction. BIA specifically denies Plaintiffs' allegation that no FOIA exemption
6   could apply to records that potentially may exist and be responsive to a FOIA request that BIA is
7   processing.

8       61.    The allegations in Paragraph 61 consist of legal conclusions to which no response
9   is required. To the extent that any response is deemed necessary, BIA responds that the FOIA
10  statute speaks for itself and denies any characterization inconsistent with the statute and relevant
11  law in this jurisdiction.

12      62.    To the extent that the allegations in Paragraph 62 purport to assert a legal
13  conclusion, no response is necessary. In response to any factual allegations, BIA responds that it
14  is in the process of completing its response to Plaintiffs' FOIA request.

15      63.    The allegations in Paragraph 63 consist of legal conclusions to which no response
16  is required. To the extent that any response is deemed necessary, BIA responds that the FOIA
17  statute speaks for itself and denies any characterization inconsistent with the statute and relevant
18  law in this jurisdiction. BIA specifically denies Plaintiffs' allegation that no FOIA exemption
19  could apply to records that potentially may exist and be responsive to a FOIA request that BIA is
20  processing.

21      64.    The allegations in Paragraph 64 consist of legal conclusions and/or characterization
22  of a request for relief to which no response is required. To the extent a response is deemed
23  necessary, BIA admits only that this action is brought pursuant to FOIA and denies that Plaintiffs
24  are entitled to the requested relief.

ANSWER TO COMPLAINT  
2:24-cv-00024-RAJ  
PAGE– 12  

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

65.     The allegations in Paragraph 65 consist of legal conclusions and/or characterization of a request for relief to which no response is required. To the extent a response is deemed necessary, BIA admits only that this action is brought pursuant to FOIA and denies that Plaintiffs are entitled to the requested relief.

**PRAYER FOR RELIEF**

The remainder of Plaintiffs' Complaint sets forth Plaintiffs' prayer for relief, to which no response is required. To the extent that a response may be deemed necessary, BIA states that Plaintiffs are not entitled to the requested relief.

**GENERAL DENIAL**

Pursuant to Rule 8(b)(3), BIA denies all allegations in the Complaint which they have not otherwise specifically admitted or denied herein.

Additionally, to the extent that the Complaint refers to or quotes from external documents or other sources, BIA's answer may refer to these materials; however such references are not intended to be, nor should they be construed to be, an admission that the materials cited in Plaintiffs' Complaint are: correctly cited or quoted by Plaintiffs; relevant to this or any other action; or admissible in this, or any other action.

**AFFIRMATIVE DEFENSES**

1.      Plaintiffs have failed to state a claim upon which relief may be granted.

2.      As to some or all of the claims asserted in this action, Plaintiffs have failed to exhaust administrative remedies.

3.      Plaintiffs are not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusions to FOIA, 5 U.S.C. § 552(b), the Privacy Act, 5 U.S.C. § 552(a), and/or provisions of law.

4.      Plaintiffs are not eligible for or entitled to attorney's fees or costs.

ANSWER TO COMPLAINT
2:24-cv-00024-RAJ
PAGE– 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5. The Court lacks jurisdiction to award relief that exceeds that authorized by FOIA.

6. At all times alleged in the Complaint, BIA acted in good faith and with justification.

7. BIA reserves the right to amend, supplement, and assert additional affirmative defenses.

WHEREFORE, BIA respectfully request that the Court dismiss all claims in the Complaint and grant it such other relief as may be just and appropriate.

DATED this 16th day of February, 2024.

TESSA M. GORMAN
United States Attorney

*s/ Katie D. Fairchild*
KATIE D. FAIRCHILD, WSBA #47712
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax: 206-553-4073
Email: katie.fairchild@usdoj.gov

*Attorneys for Defendant*

ANSWER TO COMPLAINT
2:24-cv-00024-RAJ
PAGE– 14

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970